B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** Wells Fargo Bank, National Association, as Indenture Trustee | **DEFENDANTS** Earth, Energy & Environment, LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. One Financial Center, Boston, MA 02111 (617) 542-6000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Claim to enforce Construction Completion Guaranty Agreement.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[2] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>E3 Biofuels-Mead, LLC | | BANKRUPTCY CASE NO.<br>**07-22733** | |
| DISTRICT IN WHICH CASE IS PENDING<br>Kansas | | DIVISION OFFICE<br>Kansas City | NAME OF JUDGE<br>Robert D. Berger |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>9-11-2008 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Daniel S. Bleck, Esq. and Ian A. Hammel, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| In re:<br><br>E3 BIOFUELS-MEAD, LLC<br><br>Debtors-in-Possession.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE<br><br>vs.<br><br>EARTH, ENERGY & ENVIRONMENT, LLC | Case No. 07-22733<br>Joint Administration<br><br><br><br>Adversary No. 08- |

## COMPLAINT

This is an adversary proceeding by Wells Fargo Bank, National Association, as indenture trustee for the bonds described below regarding that certain Construction Completion Guaranty Agreement executed by Earth, Energy & Environment, LLC. The Construction Completion Guaranty Agreement relates to the integrated solid waste disposal and biofuel facility owned by E3 BioFuels-Mead, LLC, one of the Debtors in these proceedings (the "Project") and requires Earth, Energy & Environment, LLC to complete and provide all monies to complete the Project in a good and workmanlike manner, in compliance with permits, licenses and approvals, and free and clear of all defects and liens. As will be set forth more fully below, Earth, Energy & Environment, LLC has failed to satisfy its obligations under the Construction Completion Guaranty Agreement. In support of this Complaint, the indenture trustee states as follows:

4418633v.1

## JURISDICTION; VENUE; CORE PROCEEDING; PARTIES

1. Earth, Energy & Environment, LLC ("EEE") is the ultimate parent corporation of E3 BioFuels-Mead, LLC, a debtor-in-possession in these proceedings (the "Debtor").

2. Wells Fargo Bank, National Association is the indenture trustee (the "Indenture Trustee") pursuant to a certain Indenture of Trust dated as of December 1, 2006 and related documents for the County of Saunders, Nebraska $45,745,000 Tax-Exempt Industrial Development Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006A, and the County of Saunders, Nebraska $4,755,000 Taxable Industrial Development Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006B (collectively, the "Bonds").[1]

3. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b). Alternatively, this court has non-core jurisdiction over this proceeding under 28 U.S.C. § 1334(b), as the cause of action is directly related to the captioned bankruptcy case and will have a significant impact on the Debtor's bankruptcy estate. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. *The Project And Bonds.*

4. The Debtor is the owner of the Project. As described above, the Project is an integrated solid waste disposal and biofuel facility located in the Village of Mead, Nebraska.

5. In connection with the Debtor's construction and acquisition of the Project, the County of Saunders, Nebraska (the "Issuer") issued the Bonds, and made the resulting proceeds available to the Debtor.

---

[1] Wells Fargo Bank, National Association is also Indenture Trustee for the $4,440,000 Village of Mead, Nebraska Tax Increment Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006A and the $584,579 Village of Mead, Nebraska Tax Increment Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006B. Those obligations are not at issue in this Complaint.

2

4418633v.1

6. The Debtor is a party to various documents that require the Debtor to make payments necessary to pay principal, premium, if any, interest, and other costs and expenses associated with the Bonds.

7. As is reflected in the Indenture Trustee's proof of claim in these proceedings, the balance due on the Bonds exceeds $50 million. Since the petition date in these proceedings, the Debtor has failed to remit any of the required payments under the bond documents.

**B.     *The Completion Guaranty.***

8. This action relates to that certain Construction Completion Guaranty Agreement (the "Guaranty") dated as of December 1, 2006 and executed by defendant EEE in favor of the Indenture Trustee. A true and accurate copy of the Guaranty is attached as **Exhibit A**.

9. The Guaranty was executed by defendant EEE in connection with and/or in contemplation of the issuance of the Bonds.

10. The Guaranty provides that defendant EEE "is willing to enter into this Guaranty in order to enhance the marketability of the Bonds and thereby achieve interest costs and other savings and as an inducement to the purchase of the Bonds by all who shall at any time become holders of the Bonds...."

11. The Guaranty represents defendant EEE's unconditional and irrevocable guaranty to the Indenture Trustee of those "Guaranteed Obligations," including obligations to:

> complete and provide all moneys necessary to complete, in a timely manner, the construction of the Project as described in the Official Statement dated December 14, 2006 related to the sale of the Bonds in a good and workmanlike manner and in compliance with all legal requirements, all applicable permits, licenses and approvals of governmental authorities and all applicable private covenants free and clear of all defects and liens and in compliance with laws, rules, permits, requirements and regulations of any governmental authority (excluding liens created by the Trustee or otherwise existing at the time the Issuer

3

Case 07-22733    Doc# 262    Filed 09/11/08    Page 5 of 9

issues the Bonds and excluding liens which the Company is authorized to contest under the terms of the Indenture or the Lease Agreement).

See Guaranty at § 1.

12. The Guaranty further provides that:

> In the event of any litigation regarding the enforcement or validity of this Guaranty, [EEE] shall be obligated to pay all charges, costs and expenses (including reasonable attorneys' fees and expenses) incurred by the Trustee whether or not such litigation is prosecuted to judgment.

Id. at § 4.

### C. *The Guarantor Has Not Honored Its Obligations Under The Guaranty.*

13. The Project has not been completed when or as described in the Bond Documents.

14. The Debtor itself has conceded that without limitation, one of the Project's two boilers -- which the Debtor has described as a key component -- is defective.

15. Mechanics' liens also have been asserted against the Facility.

16. The Trustee is informed and believes, based in part upon certain documents filed by the Debtor, that these mechanics' liens are in an aggregate amount exceeding $2.6 million.

17. By letter dated September 3, 2008, the Trustee demanded action by defendant EEE to honor its obligations under the Guaranty. A copy of that letter is attached as **Exhibit B.**

18. Despite this demand, defendant EEE has failed and/or refused to honor its obligations under the Guaranty.

### COUNT I
### BREACH OF CONTRACT

19. The Trustee repeats and realleges paragraphs 1 through 18.

20. Defendant EEE has contract obligations under the Guaranty.

21. The Trustee has demanded that defendant EEE comply with its obligations under the Guaranty.

4

4418633v.1

22. Defendant EEE has failed and/or refused to comply with its obligations under the Guaranty.

23. Defendant EEE's failure to comply with its obligations under the Guaranty is a breach of the Guaranty.

24. As set forth above, the Guaranty provides that:

> In the event of any litigation regarding the enforcement or validity of this Guaranty, [EEE] shall be obligated to pay all charges, costs and expenses (including reasonable attorneys' fees and expenses) incurred by the Trustee whether or not such litigation is prosecuted to judgment.

25. Defendant EEE's breach of its obligations under the Guaranty has resulted in damages in an amount to be determined, as well as ongoing interest, and costs, expenses (including attorneys' fees), and any other amounts that may be due and payable as provided in the Guaranty.

## COUNT II
## PROMISSORY ESTOPPEL

26. The Trustee repeats and realleges paragraphs 1 through 25.

27. The Guaranty recitals state that defendant EEE "is willing to enter into this Guaranty in order to enhance the marketability of the Bonds and thereby achieve interest costs and other savings and as an inducement to the purchase of the Bonds by all who shall at any time become holders of the Bonds…."

28. The Bonds were purchased in reliance upon the representations, warranties and obligations reflected in the Guaranty.

29. Defendant EEE expected or should have reasonably expected that representation to induce the purchase of the Bonds.

30. Injustice can only be avoided by enforcement of the promises set forth in the Guaranty or by an award of damages based on the foregoing.

31. Damages under this Count shall be in an amount to be determined, but may include the outstanding balance due on the Bonds.

## DEMAND FOR RELIEF

**WHEREFORE**, the Trustee asks that this Court:

A. Enter judgment for the Trustee on all Counts of the Trustee's Complaint;

B. Award damages to the Trustee in an amount to be determined;

C. Award the Trustee its costs, expenses, attorneys' fees, and other amounts, as set forth in the Guaranty; and

D. Award such other relief as is just and proper.

Respectfully submitted,

WELLS FARGO, NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE,

By its counsel,

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

  s/ Daniel S. Bleck
Timothy J. Langella
Daniel S. Bleck
Ian A. Hammel
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
E-mail: tlangella@mintz.com
        dbleck@mintz.com
        ihammel@mintz.com

and

        Scott J. Goldstein    KS Fed. # 70505
        Eric L. Johnson      KS #20542
        Spencer Fane Britt & Browne LLP
        1000 Walnut Street, Suite 1400
        Kansas City, MO 64106
        Telephone: (816) 474-8100
        Facsimile: (816) 474-3216
        E-mail: sgoldstein@spencerfane.com
                ejohnson@spencerfane.com