The relief described hereinbelow is SO ORDERED.

Signed November 17, 2010.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**
**KANSAS CITY DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| **E3 BIOFUELS-MEAD, LLC** | ) |
| | ) |
| Debtor-in-Possession. | ) |

**Case No. 07-22733**

**Joint Administration**

**ORDER ALLOWING STIPULATIONS RELATING TO GLOBAL COMPROMISE AND**
**INTEGRATED SALE OF DEBTOR'S ASSETS**

This Order relates to the motion ("Motion") of Robert A. Carringer of CRG Partners

Group, LLC, as the Chapter 11 Trustee (the "Chapter 11 Trustee") for E3 BioFuels-Mead, LLC

and E3 Biofuels Mead Holding, LLC for an order approving, on an expedited basis, the attached

stipulations resolving certain tax obligations associated with the debtors' Mead Nebraska

production facility as more specifically set forth therein (the "Stipulations"). Capitalized terms

not specifically defined in this Order shall have the meanings provided in the Motion. The Court

has considered the Motion, the Stipulations, and the record of the proceedings in the Debtor's

chapter 11 cases, and determined that appropriate and adequate notice has been given in

connection with the Motion. It appears, and the Court therefore finds that the compromises and

other terms set forth in the Stipulations are fair and reasonable to, and are in the best interest of, Debtor, Debtor's creditors, and other parties to the Stipulations including, without limitation, the Bond Trustee, and that the parties to the Stipulations have acted consistent with their respective duties and responsibilities under applicable law and, in the case of the Bond Trustee, the indentures and other documents associated with the Bonds.

IT IS THEREFORE ORDERED that:

1.     The Motion shall be and hereby is allowed; and

2.     The Stipulations shall be and hereby are approved in their entirety.


SO ORDERED


_____

Hon. Robert Berger

United States Bankruptcy Court Judge


5026399v.1

*EXHIBIT 1: PERSONAL PROPERTY TAX STIPULATION*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| E3 BIOFUELS-MEAD, LLC, | ) | Case No.: 07-22733 |
| | ) | Chapter 11 |
| | ) | Joint Administration with 07-22734 |

## STIPULATION AND AGREED ORDER REGARDING
## PERSONAL PROPERTY TAXES

   This Stipulation and Agreed Order Regarding Personal Property Taxes is entered into by and between the County of Saunders, Nebraska; Robert A. Carringer, the Chapter 11 Trustee for E3 BioFuels-Mead, LLC; AltEn, LLC; and Wells Fargo Bank, N.A., as indenture trustee, by and through their respective counsel.  The parties hereto stipulate and agree as follows:

   1.  E3 BioFuels-Mead, LLC ("Debtor") owns a facility for the production of denatured, anhydrous ethanol, alcohol, distillers grains, methane, aqueous ammonia, compost and certain other products located on real property in Mead, Nebraska.  The facility is not currently operational.

   2.  The acquisition and construction of the Debtor's facility was financed, in part through issuance of County of Sanders, Nebraska (the "County") $45,745,000 Tax-Exempt Industrial Development Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006A, and the County of Saunders, Nebraska $4,755,000 Tax-Exempt Industrial Development Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006B (the "Bonds").  Wells Fargo Bank, N.A. is the indenture trustee for the IRB Bonds (the "Indenture Trustee").

2

3.     On November 30, 2007, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas (Kansas City), Case No. 07-22733-RDB.

4.     Robert a Carringer ("Chapter 11 Trustee") is the duly appointed and acting Chapter 11 trustee for the Debtor.

5.     The Trustee desires to sell the assets of the Debtor to Alt En, LLC ("Buyer"), free and clear of liens, claims and encumbrances, pursuant 11 U.S.C. §363 and the terms of an Asset Sale and Purchase Agreement dated as of December 17, 2009 (the "Sale Agreement").

6.     The County has asserted claims against the Debtor for personal property ad valorem taxes assessed for the tax years 2006, 2007, 2008 and 2009, which the Debtor and Trustee dispute.  The Debtor contends that the personal property taxes were assessed based upon an improper, illegal and exaggerated valuation, which among other errors includes labor and other intangible costs not properly subject to taxation as tangible personal property under Neb. Rev. Stat. § 77-105, and that improper notice of the personal property taxes assessed was provided to the Debtor using an invalid address in Colorado.  Moreover, the County failed to file a proof of claim for personal taxes arising pre-petition prior to the claims bar date established in the Debtor's bankruptcy case, and failed to object to the Trustee's proposed sale of the Debtor's assets to Buyer, free and clear of all liens, claims and encumbrances including any liens securing personal property taxes arising prior to closing of the sale.

7.     The County acknowledges that proper notice was not received by the Debtor of the County's appraised value and assessment, and consents to the sale of the Debtor's personal property to Buyer, free and clear of liens, claims and encumbrances, including any liens securing personal property taxes arising prior to closing of the sale, provided however, that at the closing

of the sale, the County shall be paid the sum of one hundred thirty thousand two hundred forty and 45/100 dollars ($130,240.45) for the personal property taxes assessed for: i) the tax years 2007, 2008 and 2009, as amended, ii) the tax year 2006, and iii) the tax year 2010 pro-rated through and including October 31, 2010; satisfying in full such personal property tax obligations, including penalties and interest thereon.

8.      Buyer agrees that, at closing of the sale, Buyer shall pay the personal property taxes set forth in paragraph 7.

9.      The Trustee shall amend the personal property returns for 2007, 2008 and 2009 filed on behalf of the Debtor, in accordance with Neb. Rev. Stat. § 77-1230, which provides a taxpayer the right to file an amended list of taxable tangible personal property subject to taxation upon discovery of errors or omissions. Such amended returns are attached hereto as Exhibits A, B and C, the official and proper receipt and validity of which are hereby acknowledged, stipulated to, agreed to and accepted by the County. The County agrees that the value of the personal property subject to taxation for the 2007, 2008 and 2009 tax years be shall reduced accordingly, and payment of the amount set forth in paragraph 7 satisfies Debtor's and its assigns personal property tax obligations in full, including penalties and interest thereon, for such tax years as well as the tax year 2006 and the tax year 2010 pro-rated through and including October 31, 2010.

10.     The County agrees that the personal property base value, as of January 1, 2010, for the tax year 2010, shall be determined using the property's current net book value of seven hundred thirty-one thousand eight hundred ninety-five and 00/100 dollars ($731,895.00), as more particularly set forth in Exhibits D1 and D2, which are agreed to, stipulated to and accepted by the County, with the net book value for such personal property for years subsequent to 2010

4

being based on the same net book value as further reduced by the depreciation amounts provided for by statute or applicable regulation. The County shall correct the assessment roll and tax list, if necessary, to reflect such changes, and the County hereby accepts Exhibits D1 and D2 hereto as a full, complete and valid filing for both Buyer's (Exhibit D2) and Debtor's (Exhibit D1) Nebraska Personal Property Return for the tax year 2010. The County hereby acknowledges, accepts and agrees that the personal property ad valorem tax assessment for 2010 shall be pro-rated between Debtor (from January 1 to October 31, 2010) and Buyer (from November 1 to December 31, 2010) based on the depreciated net book values of the personal property as set forth in Exhibits D1 and D2 hereto.

11. The agreement set forth in this Stipulation and Order shall be effective only upon closing of the sale to Buyer.

12. The consenting parties hereto, including the County, represent and warrant they have the requisite power and authority to enter into this Stipulation and Order, and that all actions necessary for the execution and delivery of this Stipulation and Order have been taken. The parties stipulate and agree and the Court hereby orders and directs the parties, including the County, to take any and all actions, and/or refrain from any and all actions, necessary or helpful to the fulfillment of this order including, but not limited to, the filing, execution, acceptance, creation, reassessing and/or recording of, but not limited to, the following: forms, instruments, returns or amended returns, assessments, or amended assessments, notices, documents, regulatory and/or accounting data, or any other instrument, form and/or document by any party or its appropriate official(s) or agent(s).

13.     All claims, disputes or causes of action as the same are related to or emanate from the payments due pursuant to personal estate taxes on the Debtor's property, of all parties hereto are hereby discharged, with prejudice, settled and resolved.

14.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157(b)(2).  The statutory predicates for relief are Sections 105(a), 502 and 505 of the Bankruptcy Code.

IT IS SO ORDERED.

_____
United States Bankruptcy Judge

**CONSENTED AND AGREED TO BY:**

COUNTY OF SAUNDERS, NEBRASKA

By: _____
     Printed Name:
     Title:

ROBERT A. CARRINGER, CHAPTER 11 TRUSTEE
FOR E3 BIOFUELS-MEAD, LLC

By: _____
     Printed Name:
     Title:

ALT EN, LLC

By: _____
     Printed Name:
     Title:

WELLS FARGO BANK, N.A., INDENTURE TRUSTEE

By: _____
     Printed Name:
     Title:

5050984v.2

7

# Exhibit A

## Amended ⊞
## Nebraska Personal Property Return
### Net Book Value
• Attach all supporting schedules

| MUST BE FILED WITH THE ASSESSOR ON OR BEFORE MAY 1, OR PENALTY SHALL BE ASSESSED | | |
|---|---|---|

| Tax Year | 2007 |
|---|---|
| County Name | Saunders |

| Name of Property Owner | Telephone Number | Tax District |
|---|---|---|
| E3BioFuels-Mead, LLC | (913) 962-9999 | 170 |

| Street or Other Mailing Address | Property Type | Precinct or Township |
|---|---|---|
| 5225 Renner Road | Commercial | 1067 |

| City | State | Zip Code | Legal Description |
|---|---|---|---|
| Shawnee | KS | 66217 | Ethanol Plant located on real property described in Schedule 2 |

| Address of Property (if different than above) | City | State | Zip Code |
|---|---|---|---|
| 1344 County Road 10 | Mead | NE | 68041 |

| Totals | | Taxable Value |
|---|---|---|
| 1 Commercial and industrial total (from schedule) ........................ See Schedule 1 | 1 | $1,610,510 |
| 2 Agricultural machinery and equipment total (from schedule) ................................ | 2 | |
| 3 TOTAL TAXABLE VALUE (total of lines 1 and 2) ........................................... | 3 | $0 |

Describe any leased or consigned property in your custody, and list name and address of lessor or owner:

| Description of Property | Name and Address of Lessor or Owner |
|---|---|
| See Schedule 1 | E3BioFuels-Mead, LLC<br>5225 Renner Road<br>Shawnee, KS 66217 |

**Under penalties of law,** I declare that I have examined this return, including any attached schedules, and to the best of my knowledge and belief, it is correct and complete.

**sign here** ▶

Robert Carringer, Chapter 11 Trustee for E3BioFuels-Mead, LLC
Signature of Property Owner     Date

Stephen P. Korb, Authorized Representative for E3BioFuels-Mead, LLC
Signature of Preparer Other than Owner     Date

### FOR ASSESSOR'S USE ONLY

| Depreciation Worksheet Reviewed | | |
|---|---|---|
| See Court Order | Date    Initials | PENALTY ☐ 10%   ☒ 25% |

▶ Signature of Assessor     Date

## INSTRUCTIONS

**WHO MUST FILE.** If you hold or own any taxable tangible personal property on January 1 at 12:01 a.m. of the year for which the assessment is being made, you must file a Nebraska Personal Property Return.

If you lease property from another person, you must file a Nebraska Personal Property Return.

If you lease property to another person, you must file a Nebraska Personal Property Return.

If you bring property into the state between January 1 at 12:01 a.m. and July 1, you must list the property on or before July 31, unless you can show the property was purchased after January 1 at 12:01 a.m. or was assessed in another county or state.

**WHEN AND WHERE TO FILE.** This return must be filed **on or before May 1** with the assessor for the county in which the personal property is located. If you have property in more than one county, you must file a return with each county in which you have property. If you have property at more than one location in the same county, contact the assessor to determine if more than one return is required.

**SITUS FOR PROPERTY.** Property of an established agricultural or commercial business is assessed at the place of business unless the property has acquired local situs elsewhere. Property will acquire local situs elsewhere if it is kept in a location, other than the location of the business, for the greater portion of the calendar year.

Department of Property Assessment & Taxation
96-173-99

Authorized by Section 77-1229

**SCHEDULE 1**

**2007 AMENDED**

1. Plant, Machinery and Equipment.

    A.    Ethanol Plant, ADU and miscellaneous personal property.    $724,746 [1]

    B.    Pumps, valves, injectors, filtration equipment.    $174,004 [2]

    C.    Instrumentation, regulators and controls.    $ 84,640 [3]

    D.    Lab Equipment.    $ 4,891 [4]

    E.    Tankage, venting and mixing equipment.    $590,333 [5]

2. Rolling Stock.    $185,815 [6]

3. Office Equipment.    $ 1,148 [7]

4. Tools and Spare Parts.    $ 28,777 [8]

5. Information Systems, Computers, Copiers and Peripheral Equip.    $ 15,153 [9]

**Total 2007 Nebraska Net Book Tax Value**    **$1,809,507**

---

[1] Does not include items listed separately, below. Includes: boilers, reboilers, ADU equipment, NRU equipment, fermenters, cooling towers, coolers, evaporators, blowers, vessels, hammermill, jet cooker, heat exchangers, security systems, piping, scales, MOL sieves, generators, bio-skids, heaters, HVAC equipment, compressors and miscellaneous items. A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.A hereto.

[2] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.B hereto.

[3] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.C hereto.

[4] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.D hereto.

[5] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.E hereto.

[6] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.F hereto.

[7] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.G hereto.

[8] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.H hereto.

[9] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.I hereto.

**2007 AMENDED NEBRASKA PERSONAL PROPERTY TAX RETURN**

**SCHEDULE 2**
**LEGAL DESCRIPTION**
**ON WHICH PERSONAL PROPERTY IS LOCATED**

A TRACT OF LAND LOCATED IN SECTION 12, TOWNSHIP 14 NORTH, RANGE 8 EAST OF THE SIXTH P.M. SAUNDERS COUNTY, NEBRASKA, BEING DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID SECTION 12; THENCE S86°28'38"E (ASSUMED BEARING) ON THE NORTH LINE OF THE NORTHWEST QUARTER OF SAID SECTION 12, A DISTANCE OF 2702.78 FEET TO THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF SAID SECTION 12; THENCE S87°48'28"E ON THE NORTH LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2837.68 FEET TO THE NORTHEAST CORNER OF SAID NORTHEAST QUARTER; THENCE S00°03'34"W ON THE EAST LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2641.98 FEET TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 12; THENCE S00°04'47"W ON THE EAST LINE OF SAID SOUTHEAST QUARTER, A DISTANCE OF 710.38 FEET; THENCE N89°16'07"W, A DISTANCE OF 475.00 FEET; THENCE N00°43'53"E, A DISTANCE OF 475.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 840.00 FEET; THENCE S09°18'57"W, A DISTANCE OF 150.00 FEET; THENCE S16°53'18"W, A DISTANCE OF 160.00 FEET; THENCE S00°43'53"W, A DISTANCE OF 173.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 936.34 FEET; THENCE S03°35'54"W, A DISTANCE OF 267.34 FEET; THENCE N89°43'22"W, A DISTANCE OF 1459.11 FEET; THENCE N00°16'38"E, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 315.00 FEET; THENCE S00°16'38"W, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 986.36 FEET; TO A POINT ON THE WEST LINE OF THE SOUTHWEST QUARTER OF SAID SECTION 12; THENCE N01°19'42"W ON SAID WEST LINE, A DISTANCE OF 1183.66 FEET TO THE SOUTHWEST CORNER OF SAID NORTHWEST QUARTER; THENCE N01°19'50"W ON THE WEST LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 2663.80 FEET TO THE TRUE POINT OF BEGINNING, CONTAINING 438.12 ACRES, MORE OR LESS.

# Exhibit B
## Amended ✚

MUST BE FILED WITH THE ASSESSOR ON OR BEFORE MAY 1, OR PENALTY SHALL BE ASSESSED

# Nebraska Personal Property Return
## Net Book Value
● Attach all supporting schedules

| Tax Year | 2008 |
| --- | --- |
| County Name | Saunders |

| | |
| --- | --- |
| Name of Property Owner<br>E3BioFuels-Mead, LLC | Telephone Number<br>(913) 962-9999 |

Tax District  170

| Street or Other Mailing Address<br>5225 Renner Road | Property Type<br>Commercial |
| --- | --- |

Precinct or Township  1067

| City | State | Zip Code | Legal Description |
| --- | --- | --- | --- |
| Shawnee | KS | 66217 | Ethanol Plant located on real property |

| Address of Property (if different than above) | City | State | Zip Code |
| --- | --- | --- | --- |
| 1344 County Road 10 | Mead | NE | 68041 |

described in Schedule 2

| Totals | | Taxable Value |
| --- | --- | --- |
| 1 Commercial and industrial total (from schedule) . . . . . . . . . . . . See Schedule 1 | 1 | $1,268,276 |
| 2 Agricultural machinery and equipment total (from schedule) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 | |
| 3 TOTAL TAXABLE VALUE (total of lines 1 and 2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | $0 |

Describe any leased or consigned property in your custody, and list name and address of lessor or owner:

| Description of Property | Name and Address of Lessor or Owner |
| --- | --- |
| See Schedule 1 | E3BioFuels-Mead, LLC<br>5225 Renner Road<br>Shawnee, KS 66217 |

**Under penalties of law,** I declare that I have examined this return, including any attached schedules, and to the best of my knowledge and belief, it is correct and complete.

**sign here** ►

Robert Carringer, Chapter 11 Trustee for E3BioFuels-Mead, LLC

Signature of Property Owner                                      Date

Stephen P. Korb, Authorized Representative for E3BioFuels-Mead, LLC

Signature of Preparer Other than Owner                          Date

### FOR ASSESSOR'S USE ONLY

Depreciation Worksheet Reviewed

See Court Order

| Date | Initials | | PENALTY ☐ 10%  ☒ 25% |
| --- | --- | --- | --- |

Signature of Assessor                                           Date

## INSTRUCTIONS

**WHO MUST FILE.** If you hold or own any taxable tangible personal property on January 1 at 12:01 a.m. of the year for which the assessment is being made, you must file a Nebraska Personal Property Return.

If you lease property from another person, you must file a Nebraska Personal Property Return.

If you lease property to another person, you must file a Nebraska Personal Property Return.

If you bring property into the state between January 1 at 12:01 a.m. and July 1, you must list the property on or before July 31, unless you can show the property was purchased after January 1 at 12:01 a.m. or was assessed in another county or state.

**WHEN AND WHERE TO FILE.** This return must be filed **on or before May 1** with the assessor for the county in which the personal property is located. If you have property in more than one county, you must file a return with each county in which you have property. If you have property at more than one location in the same county, contact the assessor to determine if more than one return is required.

**SITUS FOR PROPERTY.** Property of an established agricultural or commercial business is assessed at the place of business unless the property has acquired local situs elsewhere. Property will acquire local situs elsewhere if it is kept in a location, other than the location of the business, for the greater portion of the calendar year.

Department of Property Assessment & Taxation
96-173-99

Authorized by Section 77-1229

## SCHEDULE 1

## 2008 AMENDED

1. Plant, Machinery and Equipment.

     A.     Ethanol Plant, ADU and miscellaneous personal property.     $568,387 [1]

     B.     Pumps, valves, injectors, filtration equipment.     $136,728 [2]

     C.     Instrumentation, regulators and controls.     $ 68,507 [3]

     D.     Lab Equipment.     $ 3,843 [4]

     E.     Tankage, venting and mixing equipment.     $463,777 [5]

2. Rolling Stock.     $130,070 [6]

3. Office Equipment.     $ 901 [7]

4. Tools and Spare Parts.     $ 22,605 [8]

5. Information Systems, Computers, Copiers and Peripheral Equip.     $ 10,449 [9]

**Total 2008 Nebraska Net Book Tax Value**     **$1,403,268**

---

[1] Does not include items listed separately, below. Includes: boilers, reboilers, ADU equipment, NRU equipment, fermenters, cooling towers, coolers, evaporators, blowers, vessels, hammermill, jet cooker, heat exchangers, security systems, piping, scales, MOL sieves, generators, bio-skids, heaters, HVAC equipment, compressors and miscellaneous items. A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.A hereto.

[2] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.B hereto.

[3] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.C hereto.

[4] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.D hereto.

[5] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.E hereto.

[6] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.F hereto.

[7] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.G hereto.

[8] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.H hereto.

[9] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.I hereto.

**2008 AMENDED NEBRASKA PERSONAL PROPERTY TAX RETURN**

**SCHEDULE 2**
**LEGAL DESCRIPTION**
**ON WHICH PERSONAL PROPERTY IS LOCATED**

A TRACT OF LAND LOCATED IN SECTION 12, TOWNSHIP 14 NORTH, RANGE 8 EAST OF THE SIXTH P.M. SAUNDERS COUNTY, NEBRASKA, BEING DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID SECTION 12; THENCE S86°28'38"E (ASSUMED BEARING) ON THE NORTH LINE OF THE NORTHWEST QUARTER OF SAID SECTION 12, A DISTANCE OF 2702.78 FEET TO THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF SAID SECTION 12; THENCE S87°48'28"E ON THE NORTH LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2837.68 FEET TO THE NORTHEAST CORNER OF SAID NORTHEAST QUARTER; THENCE S00°03'34"W ON THE EAST LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2641.98 FEET TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 12; THENCE S00°04'47"W ON THE EAST LINE OF SAID SOUTHEAST QUARTER, A DISTANCE OF 710.38 FEET; THENCE N89°16'07"W, A DISTANCE OF 475.00 FEET; THENCE N00°43'53"E, A DISTANCE OF 475.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 840.00 FEET; THENCE S09°18'57"W, A DISTANCE OF 150.00 FEET; THENCE S16°53'18"W, A DISTANCE OF 160.00 FEET; THENCE S00°43'53"W, A DISTANCE OF 173.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 936.34 FEET; THENCE S03°35'54"W, A DISTANCE OF 267.34 FEET; THENCE N89°43'22"W, A DISTANCE OF 1459.11 FEET; THENCE N00°16'38"E, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 315.00 FEET; THENCE S00°16'38"W, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 986.36 FEET; TO A POINT ON THE WEST LINE OF THE SOUTHWEST QUARTER OF SAID SECTION 12; THENCE N01°19'42"W ON SAID WEST LINE, A DISTANCE OF 1183.66 FEET TO THE SOUTHWEST CORNER OF SAID NORTHWEST QUARTER; THENCE N01°19'50"W ON THE WEST LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 2663.80 FEET TO THE TRUE POINT OF BEGINNING, CONTAINING 438.12 ACRES, MORE OR LESS.

# Exhibit C

## Amended

# Nebraska Personal Property Return
## Net Book Value
• Attach all supporting schedules ➕

| Tax Year | 2009 |
| County Name | Saunders |

| Name of Property Owner | Telephone Number | Tax District |
|---|---|---|
| E3BioFuels-Mead, LLC | (913) 962-9999 | 170 |

| Street or Other Mailing Address | Property Type | Precinct or Township |
|---|---|---|
| 5225 Renner Road | Commercial | 1067 |

| City | State | Zip Code | Legal Description |
|---|---|---|---|
| Shawnee | KS | 66217 | Ethanol Plant located on real property described in Schedule 2 |

| Address of Property (if different than above) | City | State | Zip Code |
|---|---|---|---|
| 1344 County Road 10 | Mead | NE | 68041 |

| Totals | | Taxable Value |
|---|---|---|
| **1** Commercial and industrial total (from schedule) . . . . . . See Schedule 1 . . . . . . . . . . . . . . . . **1** | | $978,869 |
| **2** Agricultural machinery and equipment total (from schedule) . . . . . . . . . . . . . . . . . . . . . . . . . . . **2** | | |
| **3** TOTAL TAXABLE VALUE (total of lines 1 and 2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3** | | $0 |

**Describe any leased or consigned property in your custody, and list name and address of lessor or owner:**

| Description of Property | Name and Address of Lessor or Owner |
|---|---|
| See Schedule 1 | E3BioFuels-Mead, LLC<br>5225 Renner Road<br>Shawnee, KS 66217 |

**Under penalties of law,** I declare that I have examined this return, including any attached schedules, and to the best of my knowledge and belief, it is correct and complete.

**sign here** ▶

Robert Carringer, Chapter 11 Trustee for E3BioFuels-Mead, LLC

Signature of Property Owner       Date

▶ Stephen P. Korb, Authorized Representative for E3BioFuels-Mead, LLC

Signature of Preparer Other than Owner       Date

### FOR ASSESSOR'S USE ONLY

Depreciation Worksheet Reviewed

See Court Order    Date    Initials

PENALTY ☐ 10%   ☒ 25%

Signature of Assessor       Date

## INSTRUCTIONS

**WHO MUST FILE.** If you hold or own any taxable tangible personal property on January 1 at 12:01 a.m. of the year for which the assessment is being made, you must file a Nebraska Personal Property Return.

If you lease property from another person, you must file a Nebraska Personal Property Return.

If you lease property to another person, you must file a Nebraska Personal Property Return.

If you bring property into the state between January 1 at 12:01 a.m. and July 1, you must list the property on or before July 31, unless you can show the property was purchased after January 1 at 12:01 a.m. or was assessed in another county or state.

**WHEN AND WHERE TO FILE.** This return must be filed **on or before May 1** with the assessor for the county in which the personal property is located. If you have property in more than one county, you must file a return with each county in which you have property. If you have property at more than one location in the same county, contact the assessor to determine if more than one return is required.

**SITUS FOR PROPERTY.** Property of an established agricultural or commercial business is assessed at the place of business unless the property has acquired local situs elsewhere. Property will acquire local situs elsewhere if it is kept in a location, other than the location of the business, for the greater portion of the calendar year.

# SCHEDULE 1

## 2009 AMENDED

1. Plant, Machinery and Equipment.

     A.     Ethanol Plant, ADU and miscellaneous personal property.    $435,790 [1]

     B.     Pumps, valves, injectors, filtration equipment.    $106,172 [2]

     C.     Instrumentation, regulators and controls.    $ 51,648 [3]

     D.     Lab Equipment.    $ 2,984 [4]

     E.     Tankage, venting and mixing equipment.    $359,593 [5]

2. Rolling Stock.    $ 78,042 [6]

3. Office Equipment.    $ 694 [7]

4. Tools and Spare Parts.    $ 17,728 [8]

5. Information Systems, Computers, Copiers and Peripheral Equip.    $ 6,171 [9]

     **Total 2009 Nebraska Net Book Tax Value**    **$1,058,822**

---

[1] Does not include items listed separately, below. Includes: boilers, reboilers, ADU equipment, NRU equipment, fermenters, cooling towers, coolers, evaporators, blowers, vessels, hammermill, jet cooker, heat exchangers, security systems, piping, scales, MOL sieves, generators, bio-skids, heaters, HVAC equipment, compressors and miscellaneous items. A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.A hereto.

[2] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.B hereto.

[3] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.C hereto.

[4] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.D hereto.

[5] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.E hereto.

[6] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.F hereto.

[7] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.G hereto.

[8] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.H hereto.

[9] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.I hereto.

**2009 AMENDED NEBRASKA PERSONAL PROPERTY TAX RETURN**

**SCHEDULE 2**
**LEGAL DESCRIPTION**
**ON WHICH PERSONAL PROPERTY IS LOCATED**

A TRACT OF LAND LOCATED IN SECTION 12, TOWNSHIP 14 NORTH, RANGE 8 EAST OF THE SIXTH P.M. SAUNDERS COUNTY, NEBRASKA, BEING DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID SECTION 12; THENCE S86°28'38"E (ASSUMED BEARING) ON THE NORTH LINE OF THE NORTHWEST QUARTER OF SAID SECTION 12, A DISTANCE OF 2702.78 FEET TO THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF SAID SECTION 12; THENCE S87°48'28"E ON THE NORTH LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2837.68 FEET TO THE NORTHEAST CORNER OF SAID NORTHEAST QUARTER; THENCE S00°03'34"W ON THE EAST LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2641.98 FEET TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 12; THENCE S00°04'47"W ON THE EAST LINE OF SAID SOUTHEAST QUARTER, A DISTANCE OF 710.38 FEET; THENCE N89°16'07"W, A DISTANCE OF 475.00 FEET; THENCE N00°43'53"E, A DISTANCE OF 475.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 840.00 FEET; THENCE S09°18'57"W, A DISTANCE OF 150.00 FEET; THENCE S16°53'18"W, A DISTANCE OF 160.00 FEET; THENCE S00°43'53"W, A DISTANCE OF 173.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 936.34 FEET; THENCE S03°35'54"W, A DISTANCE OF 267.34 FEET; THENCE N89°43'22"W, A DISTANCE OF 1459.11 FEET; THENCE N00°16'38"E, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 315.00 FEET; THENCE S00°16'38"W, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 986.36 FEET; TO A POINT ON THE WEST LINE OF THE SOUTHWEST QUARTER OF SAID SECTION 12; THENCE N01°19'42"W ON SAID WEST LINE, A DISTANCE OF 1183.66 FEET TO THE SOUTHWEST CORNER OF SAID NORTHWEST QUARTER; THENCE N01°19'50"W ON THE WEST LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 2663.80 FEET TO THE TRUE POINT OF BEGINNING, CONTAINING 438.12 ACRES, MORE OR LESS.

# Exhibit D1

| MUST BE FILED WITH THE ASSESSOR ON OR BEFORE MAY 1, OR PENALTY SHALL BE ASSESSED | **Nebraska Personal Property Return**<br>**Net Book Value**<br>• Attach all supporting schedules | | Tax Year<br>**2010** |
|---|---|---|---|
| | | | County Name<br>**Saunders** |

| Name of Property Owner<br>E3BioFuels-Mead, LLC | Telephone Number<br>(913) 962-9999 | Tax District<br>170 |
|---|---|---|
| Street or Other Mailing Address<br>5225 Renner Road | Property Type<br>Commercial | Precinct or Township<br>1067 |

| City<br>Shawnee | State<br>KS | Zip Code<br>66217 | Legal Description |
|---|---|---|---|
| Address of Property (if different than above)<br>1344 County Road 10 | City<br>Mead | State<br>NE | Zip Code<br>68041 | Ethanol Plant located on real property described in Schedule 2 |

| Totals | | Taxable Value |
|---|---|---|
| **1** Commercial and industrial total (from schedule) . . . . . . . . . . . . See Schedule 1 . . . . . . . . . . . | **1** | $721,281 |
| **2** Agricultural machinery and equipment total (from schedule) . . . . . . . . . . . . . . . . . . . . . . . . . | **2** | |
| **3** TOTAL TAXABLE VALUE (total of lines 1 and 2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **3** | $0 |

Describe any leased or consigned property in your custody, and list name and address of lessor or owner:

| Description of Property | Name and Address of Lessor or Owner |
|---|---|
| See Schedule 1<br>Note: E3BioFuels-Mead, LLC is the owner of the personal property (for personal property tax purposes), from January 1, 2010 to October 31, 2010 and AltEn, LLC shall become the owner (for personal property tax purposes) of the personal property from November 1, 2010 to December 31, 2010. | (January 1, 2010, to October 31, 2010)<br>E3BioFuels-Mead, LLC<br>5225 Renner Road<br>Shawnee, KS 66217 |

**Under penalties of law,** I declare that I have examined this return, including any attached schedules, and to the best of my knowledge and belief, it is correct and complete.

**sign here** ►

Robert Carringer, Chapter 11 Trustee for E3BioFuels-Mead, LLC

Signature of Property Owner                                    Date

Stephen P. Korb, Authorized Representative for E3BioFuels-Mead, LLC

Signature of Preparer Other than Owner                         Date

FOR ASSESSOR'S USE ONLY

Depreciation Worksheet Reviewed

Date        Initials

PENALTY ☐ 10%    ☐ 25%

► Signature of Assessor                                        Date

## INSTRUCTIONS

**WHO MUST FILE.** If you hold or own any taxable tangible personal property on January 1 at 12:01 a.m. of the year for which the assessment is being made, you must file a Nebraska Personal Property Return.

If you lease property from another person, you must file a Nebraska Personal Property Return.

If you lease property to another person, you must file a Nebraska Personal Property Return.

If you bring property into the state between January 1 at 12:01 a.m. and July 1, you must list the property on or before July 31, unless you can show the property was purchased after January 1 at 12:01 a.m. or was assessed in another county or state.

**WHEN AND WHERE TO FILE.** This return must be filed **on or before May 1** with the assessor for the county in which the personal property is located. If you have property in more than one county, you must file a return with each county in which you have property. If you have property at more than one location in the same county, contact the assessor to determine if more than one return is required.

**SITUS FOR PROPERTY.** Property of an established agricultural or commercial business is assessed at the place of business unless the property has acquired local situs elsewhere. Property will acquire local situs elsewhere if it is kept in a location, other than the location of the business, for the greater portion of the calendar year.

Department of Property Assessment & Taxation
96-173-99

Authorized by Section 77-1229

**SCHEDULE 1**

**2010**

1.  Plant, Machinery and Equipment.

      A.      Ethanol Plant, ADU and miscellaneous personal property.    $306,620 [1]

      B.      Pumps, valves, injectors, filtration equipment.    $ 76,101 [2]

      C.      Instrumentation, regulators and controls.    $ 37,059 [3]

      D.      Lab Equipment.    $ 2,135 [4]

      E.      Tankage, venting and mixing equipment.    $256,909 [5]

2.      Rolling Stock.    $ 26,014 [6]

3.      Office Equipment.    $ 491 [7]

4.      Tools and Spare Parts.    $ 13,712 [8]

5.      Information Systems, Computers, Copiers and Peripheral Equip.    $ 2,239 [9]

      **Total 2010 Nebraska Net Book Tax Value**    **$721,281**

---

[1] Does not include items listed separately, below. Includes: boilers, reboilers, ADU equipment, NRU equipment, fermenters, cooling towers, coolers, evaporators, blowers, vessels, hammermill, jet cooker, heat exchangers, security systems, piping, scales, MOL sieves, generators, bio-skids, heaters, HVAC equipment, compressors and miscellaneous items. A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.A hereto.

[2] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.B hereto.

[3] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.C hereto.

[4] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.D hereto.

[5] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.E hereto.

[6] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.F hereto.

[7] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.G hereto.

[8] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.H hereto.

[9] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.I hereto.

**2010 NEBRASKA PERSONAL PROPERTY TAX RETURN**

**SCHEDULE 2**
**LEGAL DESCRIPTION**
**ON WHICH PERSONAL PROPERTY IS LOCATED**

A TRACT OF LAND LOCATED IN SECTION 12, TOWNSHIP 14 NORTH, RANGE 8 EAST OF THE SIXTH P.M. SAUNDERS COUNTY, NEBRASKA, BEING DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID SECTION 12; THENCE S86°28'38"E (ASSUMED BEARING) ON THE NORTH LINE OF THE NORTHWEST QUARTER OF SAID SECTION 12, A DISTANCE OF 2702.78 FEET TO THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF SAID SECTION 12; THENCE S87°48'28"E ON THE NORTH LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2837.68 FEET TO THE NORTHEAST CORNER OF SAID NORTHEAST QUARTER; THENCE S00°03'34"W ON THE EAST LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2641.98 FEET TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 12; THENCE S00°04'47"W ON THE EAST LINE OF SAID SOUTHEAST QUARTER, A DISTANCE OF 710.38 FEET; THENCE N89°16'07"W, A DISTANCE OF 475.00 FEET; THENCE N00°43'53"E, A DISTANCE OF 475.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 840.00 FEET; THENCE S09°18'57"W, A DISTANCE OF 150.00 FEET; THENCE S16°53'18"W, A DISTANCE OF 160.00 FEET; THENCE S00°43'53"W, A DISTANCE OF 173.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 936.34 FEET; THENCE S03°35'54"W, A DISTANCE OF 267.34 FEET; THENCE N89°43'22"W, A DISTANCE OF 1459.11 FEET; THENCE N00°16'38"E, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 315.00 FEET; THENCE S00°16'38"W, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 986.36 FEET; TO A POINT ON THE WEST LINE OF THE SOUTHWEST QUARTER OF SAID SECTION 12; THENCE N01°19'42"W ON SAID WEST LINE, A DISTANCE OF 1183.66 FEET TO THE SOUTHWEST CORNER OF SAID NORTHWEST QUARTER; THENCE N01°19'50"W ON THE WEST LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 2663.80 FEET TO THE TRUE POINT OF BEGINNING, CONTAINING 438.12 ACRES, MORE OR LESS.

# Exhibit D2

| | Nebraska Personal Property Return | Tax Year |
|---|---|---|
| MUST BE FILED WITH THE ASSESSOR ON OR BEFORE MAY 1, OR PENALTY SHALL BE ASSESSED | **Net Book Value**<br>• Attach all supporting schedules | 2010 |

| | | | |
|---|---|---|---|
| | | Telephone Number | County Name |
| | | | Saunders |

Name of Property Owner: **AltEn, LLC**

Telephone Number: **(816) 268-1300**

Tax District: **170**

Street or Other Mailing Address: **903 E. 104th Street, Suite 630**

Property Type: **Commercial**

Precinct or Township: **1067**

| City | State | Zip Code | Legal Description |
|---|---|---|---|
| Kansas City | MO | 64131 | Ethanol Plant located on real property described in Schedule 2 |

| Address of Property (if different than above) | City | State | Zip Code |
|---|---|---|---|
| 1344 County Road 10 | Mead | NE | 68041 |

| Totals | | Taxable Value |
|---|---|---|
| 1 Commercial and industrial total (from schedule) .......... See Schedule 1 ................ | 1 | $721,281 |
| 2 Agricultural machinery and equipment total (from schedule) ............................... | 2 | |
| 3 TOTAL TAXABLE VALUE (total of lines 1 and 2) ........................................... | 3 | $0 |

**Describe any leased or consigned property in your custody, and list name and address of lessor or owner:**

| Description of Property | Name and Address of Lessor or Owner |
|---|---|
| See Schedule 1<br>Note: E3BioFuels-Mead, LLC is the owner of the personal property (for personal property tax purposes), from January 1, 2010 to October 31, 2010 and AltEn, LLC shall become the owner (for personal property tax purposes) of the personal property from November 1, 2010 to December 31, 2010. | (November 1, 2010 to December 31, 2010)<br>AltEn, LLC<br>903 E. 104th Street<br>Suite 630<br>Kansas City, MO 64131 |

**Under penalties of law,** I declare that I have examined this return, including any attached schedules, and to the best of my knowledge and belief, it is correct and complete.

**sign here** ▶ Scott Asner, Authorized Representative for AltEn, LLC

Signature of Property Owner — Date

Stephen P. Korb for AltEn, LLC

Signature of Preparer Other than Owner — Date

### FOR ASSESSOR'S USE ONLY

Depreciation Worksheet Reviewed

Date — Initials

PENALTY ☐ 10%   ☐ 25%

▶ Signature of Assessor — Date

## INSTRUCTIONS

**WHO MUST FILE.** If you hold or own any taxable tangible personal property on January 1 at 12:01 a.m. of the year for which the assessment is being made, you must file a Nebraska Personal Property Return.

If you lease property from another person, you must file a Nebraska Personal Property Return.

If you lease property to another person, you must file a Nebraska Personal Property Return.

If you bring property into the state between January 1 at 12:01 a.m. and July 1, you must list the property on or before July 31, unless you can show the property was purchased after January 1 at 12:01 a.m. or was assessed in another county or state.

**WHEN AND WHERE TO FILE.** This return must be filed **on or before May 1** with the assessor for the county in which the personal property is located. If you have property in more than one county, you must file a return with each county in which you have property. If you have property at more than one location in the same county, contact the assessor to determine if more than one return is required.

**SITUS FOR PROPERTY.** Property of an established agricultural or commercial business is assessed at the place of business unless the property has acquired local situs elsewhere. Property will acquire local situs elsewhere if it is kept in a location, other than the location of the business, for the greater portion of the calendar year.

Department of Property Assessment & Taxation
96-173-99

Authorized by Section 77-1229

**SCHEDULE 1**

**2010**

1.  Plant, Machinery and Equipment.

      A.     Ethanol Plant, ADU and miscellaneous personal property.   $306,620 [1]

      B.     Pumps, valves, injectors, filtration equipment.   $ 76,101 [2]

      C.     Instrumentation, regulators and controls.   $ 37,059 [3]

      D.     Lab Equipment.   $  2,135 [4]

      E.     Tankage, venting and mixing equipment.   $256,909 [5]

2.     Rolling Stock.   $ 26,014 [6]

3.     Office Equipment.   $    491 [7]

4.     Tools and Spare Parts.   $ 13,712 [8]

5.     Information Systems, Computers, Copiers and Peripheral Equip.   $  2,239 [9]

      **Total 2010 Nebraska Net Book Tax Value**   **$721,281**

---

[1] Does not include items listed separately, below. Includes: boilers, reboilers, ADU equipment, NRU equipment, fermenters, cooling towers, coolers, evaporators, blowers, vessels, hammermill, jet cooker, heat exchangers, security systems, piping, scales, MOL sieves, generators, bio-skids, heaters, HVAC equipment, compressors and miscellaneous items. A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.A hereto.

[2] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.B hereto.

[3] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.C hereto.

[4] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.D hereto.

[5] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.E hereto.

[6] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.F hereto.

[7] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.G hereto.

[8] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.H hereto.

[9] A detail of newly assigned part and component numbers (reconciled with prior part and component numbers provided to the County relating to parts and components used) in the above is set forth on Schedule 1.I hereto.

## 2010 NEBRASKA PERSONAL PROPERTY TAX RETURN

### SCHEDULE 2
### LEGAL DESCRIPTION
### ON WHICH PERSONAL PROPERTY IS LOCATED

A TRACT OF LAND LOCATED IN SECTION 12, TOWNSHIP 14 NORTH, RANGE 8 EAST OF THE SIXTH P.M. SAUNDERS COUNTY, NEBRASKA, BEING DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID SECTION 12; THENCE S86°28'38"E (ASSUMED BEARING) ON THE NORTH LINE OF THE NORTHWEST QUARTER OF SAID SECTION 12, A DISTANCE OF 2702.78 FEET TO THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF SAID SECTION 12; THENCE S87°48'28"E ON THE NORTH LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2837.68 FEET TO THE NORTHEAST CORNER OF SAID NORTHEAST QUARTER; THENCE S00°03'34"W ON THE EAST LINE OF SAID NORTHEAST QUARTER, A DISTANCE OF 2641.98 FEET TO THE NORTHEAST CORNER OF THE SOUTHEAST QUARTER OF SAID SECTION 12; THENCE S00°04'47"W ON THE EAST LINE OF SAID SOUTHEAST QUARTER, A DISTANCE OF 710.38 FEET; THENCE N89°16'07"W, A DISTANCE OF 475.00 FEET; THENCE N00°43'53"E, A DISTANCE OF 475.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 840.00 FEET; THENCE S09°18'57"W, A DISTANCE OF 150.00 FEET; THENCE S16°53'18"W, A DISTANCE OF 160.00 FEET; THENCE S00°43'53"W, A DISTANCE OF 173.00 FEET; THENCE N89°16'07"W, A DISTANCE OF 936.34 FEET; THENCE S03°35'54"W, A DISTANCE OF 267.34 FEET; THENCE N89°43'22"W, A DISTANCE OF 1459.11 FEET; THENCE N00°16'38"E, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 315.00 FEET; THENCE S00°16'38"W, A DISTANCE OF 440.00 FEET; THENCE N89°43'22"W, A DISTANCE OF 986.36 FEET; TO A POINT ON THE WEST LINE OF THE SOUTHWEST QUARTER OF SAID SECTION 12; THENCE N01°19'42"W ON SAID WEST LINE, A DISTANCE OF 1183.66 FEET TO THE SOUTHWEST CORNER OF SAID NORTHWEST QUARTER; THENCE N01°19'50"W ON THE WEST LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 2663.80 FEET TO THE TRUE POINT OF BEGINNING, CONTAINING 438.12 ACRES, MORE OR LESS.

*EXHIBIT 2:  REAL PROPERTY TAX STIPULATION*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| E3 BIOFUELS-MEAD, LLC, | ) | Case No.: 07-22733 |
| | ) | Chapter 11 |
| | ) | Joint Administration with 07-22734 |

## STIPULATION REGARDING REAL PROPERTY TAXES

This Stipulation Regarding Real Property Taxes is entered into by and among (a) the Village of Mead, Nebraska (the "Village"); (b) the County of Saunders, Nebraska (the "County"); (c) Wells Fargo Bank, N.A. as trustee of the $4,400,000 Village of Mead, Nebraska, Tax Increment Revenue Bonds, Series 2006A and $584,578.53 Village of Mead, Nebraska Tax Increment Revenue Bonds, Series 2006B (the "TIF Bondholders Trustee"); (d) Robert A. Carringer, the Chapter 11 Trustee for E3 BioFuels-Mead, LLC; (e) Wells Fargo Bank, N.A., as indenture trustee of the $45,745,000 Tax-Exempt Industrial Development Revenue Bonds Series 2006A (the "Series 2006A Revenue Bonds") and $4,755,000 Taxable Industrial Revenue Bonds Series 2006B (the "IRB Trustee"); (f) Dennis M. Langley as the beneficial owner of the 2006B Tax Increment Revenue Bonds (E3 BioFuels-Mead, LLC); (g) Mead Cattle Company, LLC; (h) Oppenheimer Rochester National Municipals as holder of the Series 2006A Revenue Bonds ("Oppenheimer"); and (i) Alt En, LLC, ("Buyer") by and through their respective counsel. The parties hereto stipulate and agree as follows:

1.        E3 BioFuels-Mead, LLC ("Debtor") owns a facility for the production of denatured, anhydrous ethanol, alcohol, distillers grains, methane, aqueous ammonia, compost and certain other products located on real property in Mead, Nebraska. The facility is not currently operational.

2.      On November 30, 2007, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas (Kansas City), Case No. 07-22733-RDB.

3.      Robert a Carringer ("Chapter 11 Trustee") is the duly appointed and acting Chapter 11 trustee for the Debtor.

4.      The acquisition and construction of the Debtor's facility was financed, in part through issuance of County of Saunders, Nebraska (the "County") $45,745,000 Tax-Exempt Industrial Development Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006A, and the County of Saunders, Nebraska $4,755,000 Taxable Industrial Development Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006B (the "IRB Bonds").  Wells Fargo Bank, N.A. is the indenture trustee for the IRB Bonds (the "IRB Trustee").

5.      Funding for the Debtor's facility was also financed through the issuance of $4,400,000 Tax Increment Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series 2006A  and the issuance of $584,579 Tax Increment Revenue Bonds (E3 BioFuels-Mead, LLC Project) Series B (Series A and Series B being collectively referred to herein as the "TIF Bonds") issued by the Village.  Wells Fargo Bank, N.A., Lincoln, Nebraska, is the trustee for the TIF Bonds (the "TIF Bondholders Trustee").

6.      TIF Bondholder(s) as the term is used herein shall mean the owners of the 2006A Series Bonds and the 2006B Series TIF Bonds.  TIF Documents as the term is used herein shall mean any and all documents, agreements, ordinances, orders, resolutions, contracts, consents, memoranda, pledges, certificates, statements, agreements, bonds, letters, forms, receipts, opinions, and all other documents relating to the TIF Bonds.

7.     The Chapter 11 Trustee desires to sell the assets of the Debtor to Buyer, free and clear of liens, claims and encumbrances, pursuant 11 U.S.C. §363 and the terms of an Asset Sale and Purchase Agreement dated as of December 17, 2009 (the "Sale Agreement"). The real estate property which is the subject of the TIF Documents, which is part of the property to be sold by Debtor to Buyer pursuant to the Sale Agreement and which is a part of the real property subject to this Stipulation and Order shall be referred to herein as the "TIF Property". The real estate property which is owned by the Debtor, but is not subject to the TIF Documents, and which is to be sold by the Debtor to Buyer pursuant to the Sale Agreement shall be referred to herein as the "Farm Land". The TIF Property and the Farm Land shall be referred to herein collectively as the "Subject Matter Real Property".

8.     The County and the Village have asserted claims against the Debtor for real property ad valorem taxes assessed for the tax years 2006, 2007, 2008 and 2009, which the Debtor disputes. Among other disputes, the Debtor contends that the real estate ad valorem taxes on the TIF Property were assessed based upon an improper and inflated valuation of the Debtor's property given certain issues associated with the current TIF Property. The County and the Village have failed to object to the Trustee's proposed sale of the Debtor's assets to Buyer, free and clear of all liens, claims and encumbrances including any liens securing real property taxes arising prior to closing of the sale.

9.     The County has not only the right, but has an obligation and requirement, to assess the Subject Matter Real Property, including the TIF Property, based on normal and customary assessment practices, including the determination of the actual fair market value and the application of the appropriate mill levy thereto. Nothing in the TIF Documents (including but not limited to any anticipated, forecasted or assumed tax revenues; TIF Bond Payments; etc)

shall be construed as releasing, limiting or restricting the County's rights, obligations and requirements to assess the TIF Property based on its true and actual fair market value.

10.    As described in the TIF Documents, "[a]n investment in the Series 2006A [or Series 2006B Bonds] involves a high degree of risk." The TIF Documents specifically state that those risks include property valuation, tax rates and levies (among others); that "[i]ncreases or decreases in the values of the property in the redevelopment area and in the tax rates of the taxing jurisdictions in which the redevelopment area is located will often have a significant impact on tax increment revenues"; and that the "sufficiency of the tax increment revenues for the payment of principal of and interest on the [Bonds] is dependant upon… the valuation for real estate tax purposes in an amount sufficient to generate tax increment revenues in the amount required…."

11.    Subject to the terms contained herein, the parties stipulate, accept and agree that the actual and true fair market value of the TIF Property, as anticipated or projected in the TIF Documents from 2006 up to and including the closing of the sale of the Subject Matter Real Property from Debtor to Buyer in 2010 (the "Closing"), was, for the purposes of assessment, materially in excess of the actual fair market value of the TIF Property. The parties stipulate, accept and agree that the real estate ad valorem taxes (including interest and penalty thereon) for 2006, 2007, 2008, 2009 and 2010 through the date of Closing shall be in amount equal to $750,000 (the "Real Estate Tax Payment"); which amount when paid and distributed as provided for herein shall satisfy, pay and settle all outstanding real property ad valorem taxes on Debtor's Subject Matter Real Property through the date of Closing, thereby allowing Debtor to sell and transfer the Subject Matter Real Property to Buyer free and clear of any and all real property tax claims or liens through the date of the Closing. The parties reserve their respective rights and

claims relating to the determination or assessment of the fair market value of the Debtor's Subject Matter Real Property regarding real estate ad valorem taxes for 2010 after the date of Closing.

12.     The County, the Village and the TIF Bondholders Trustee consent to the sale of the Debtor's Subject Matter Real Property to Buyer, free and clear of liens, claims and encumbrances, on the condition, that at the Closing of the sale to Buyer, the County receives the Real Estate Tax Payment.  Upon receipt of the Real Estate Tax Payment, the County shall retain $98,913.81 for the real estate taxes, which shall be applied to the base real estate taxes for parcel number 2697001 consisting of approximately 193.07 acres and parcel number 2697002 consisting of approximately 245.05 acres for the tax years 2007, 2008, and 2009; and the remainder shall then be held by Saunders County until December 15, 2010 and applied to the 2010 base real estate taxes for parcel number 2697001 consisting of approximately 193.07 acres and parcel number 2697002 consisting of approximately 245.05 acres prior to January 1, 2011. These payments shall be considered a full and final payment of the real estate taxes for parcel number 2697001 consisting of approximately 193.07 acres and parcel number 2697002 consisting of approximately 245.05 acres for the years of 2007, 2008, 2009, and 2010, with any remaining funds then being distributed to the Village of Mead on or after January 1, 2011.  At Closing, the residual amount of $651,086.19 shall be remitted to the TIF Bondholders Trustee (the "TIF Distribution") to be distributed to or for the benefit of the Series 2006A Bondholders. Notwithstanding the foregoing, the holder of the Series 2006B TIF Bonds shall waive any rights to receive any funds distributed regarding the Real Estate Tax Payment and shall have no interest or right to receive any of the TIF Distribution.  The receipt of such amount ($750,000) by the County at or contemporaneous with the Closing shall fully satisfy and discharge all claims, liens,

assessments and real estate taxes due on such real property including any and all penalties and interests associated therewith; and the receipt by the TIF Bondholders Trustee of the portion of such funds as described above shall constitute payment in full, together with penalties and interests thereon, if any, due the TIF Bondholders up to and including the date of Closing.

13.     The parties further stipulate, acknowledge and agree that all future real estate taxes relating to the TIF Property of Debtor being assigned to Buyer shall be based and subject to an assessment of the actual fair market value of such real estate as provided for under state and local law and shall not be based on or subject to any term or scheduled principal and interest payments set forth in the TIF Documents.  The parties recognize and accept that the future actual fair market value of the TIF Property as determined by the ordinary and customary assessment process for real estate property may result in the assessment and collection of real estate ad valorem taxes related to the TIF Property which are materially less than the amounts set forth in the TIF Documents.  All parties reserve their respective rights relating to the determination and assessment of the fair market value of the Debtor's Subject Matter Real Property for purposes of assessment of real estate ad valorem taxes from and after the Closing and nothing contained herein shall be deemed a waiver or limitation of such rights and claims.

14.     The obligations of the County and Village with respect to the disposition of Tax Increment Revenues (as defined in the TIF Documents) and other funds payable on account of the TIF Bonds shall be fully satisfied upon the deposit of those funds with the TIF Bondholders Trustee under the terms of the TIF Documents.  Neither the County nor the Village shall have any duty or liability for ensuring the appropriate disposition of Tax Increment Revenues or other funds received by the TIF Bondholders Trustee pursuant to the TIF Documents or applicable law from any after their deposit with the TIF Bondholders Trustee.

15.     The terms of this stipulation, agreement and order are necessary to induce Buyer to fulfill the terms of the Sale Agreement, and were materially relied on by Buyer in Buyer's decision to "close" the Sale Agreement.

16.     The Village, the County, the TIF Bondholders Trustee, the Series 2006A Bondholders and the Series 2006B Bondholders agree that, in the event that any real property ad valorem taxes, interest or penalties for the tax years 2006, 2007, 2008, 2009, and 2010 pro-rated through and including the date of the Closing, in excess of $750,000, are collected from Buyer, those amounts in excess of $750,000 shall be remitted to the Buyer, as consideration for the Buyer's agreements and obligations undertaken pursuant to the Sale Agreement.

17.     All parties' hereto, the TIF Bondholders' and the parties' to the Chapter 11 proceedings for Case No. 07-22733 and Case No. 07-22734, claims, disputes or causes of action as the same are related to or emanate from the payments due pursuant to real estate taxes on the Subject Matter Real Property through the date of Closing are hereby discharged, with prejudice, settled and resolved. The parties hereto consent and agree to the deemed modification and amendment of the TIF Documents consistent with the terms of this Stipulation and Order. To that end, the Village, the County, the TIF Bondholders Trustee, the Series 2006A Bondholders and the Series 2006B Bondholders agree that commencing after the Closing and thereafter, in the event, for any reason, that any amount of the of the real property ad valorem taxes are collected from Buyer and/or its assigns for pre-Closing taxes in excess of the Real Estate Tax Payment described in Sections 11 and 12 above, and remitted to the TIF Bondholders Trustee; then such excess amount shall be remitted by the TIF Bondholders Trustee to the Buyer, in consideration for the Buyer's agreements and obligations undertaken pursuant to the Sale Agreement, and by amendment of the TIF Documents to be consistent with the terms hereof.

18.     The agreement set forth in this Stipulation and Order shall be effective only upon Closing.

19.     The consenting parties hereto represent and warrant they have the requisite power and authority to enter into this Stipulation, subject to entry of an order by the Court approving this Stipulation, and that all actions necessary for the execution and delivery of this Stipulation have been taken.  The parties stipulate and agree and the Court hereby orders and directs the parties, including the County, to take any and all actions, and/or refrain from any and all actions, necessary or helpful to the fulfillment of this order including, but not limited to, the filing, execution, acceptance, creation, reassessing and/or recording of, but not limited to forms, agreements, instruments, returns or amended returns, assessments, or amended assessments, notices, documents, regulatory and/or accounting data, or any other instrument, form and/or document, by any party or its appropriate official(s) or agent(s).  The TIF Documents shall be and hereby are deemed amended to the extent necessary to conform to the terms of this Stipulation.

20.     The County shall provide the TIF Bondholders Trustee copies of any notices given to the record owner of the project pursuant to Section 77-1315 of the Nebraska statutes or any analogous provision of any successor law.  Such copies shall be transmitted to the TIF Bondholders Trustee contemporaneously with the transmittal of said notices to the owner of record.  The TIF Bondholders Trustee shall provide contact information to the County, though its attorney, for this purpose

21.     The parties acknowledge and agree that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157(b)(2).  The statutory predicates for relief are Sections 105(a), 502 and 505 of the Bankruptcy Code.

**CONSENTED AND AGREED TO BY:**

VILLAGE OF MEAD, NEBRASKA


By: _____
      Printed Name:
      Title:

COUNTY OF SAUNDERS, NEBRASKA


By: _____
      Printed Name:
      Title:


PREPARED AND APPROVED BY:


WELLS FARGO BANK, N.A., TRUSTEE (TIF BONDS)


By: _____
      Printed Name:
      Title:


ROBERT A. CARRINGER, CHAPTER 11 TRUSTEE
FOR E3 BIOFUELS-MEAD, LLC


By: _____
      Printed Name:
      Title:


MEAD CATTLE COMPANY, LLC


By: _____
      Printed Name:
      Title:

ALT EN, LLC

By: _____
     Printed Name:
     Title:

WELLS FARGO BANK, N.A., INDENTURE TRUSTEE (IRB BONDS)

By: _____
     Printed Name:
     Title:

DENNIS M. LANGLEY, THE BENEFICIAL OWNER OF THE
2006B (SERIES B) TAX INCREMENT REVENUE BONDS

By: _____
     Printed Name:
     Title:

OPPENHEIMER ROCHESTER NATIONAL MUNICIPALS

By: _____
     Printed Name:
     Title:

5044154v.2