The relief described hereinbelow is SO ORDERED.

Signed November 17, 2010.



ROBERT D. BERGER
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| E3 BIOFUELS-MEAD, LLC, | ) | Case No. 07-22733-RDB |
| | ) | |
| Debtor. | ) | |

### ORDER AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND APPROVAL OF COMPROMISE

THIS MATTER having been heard on the Motion of Robert A. Carringer, Chapter 11 Trustee ("Debtor Trustee") for E3 BioFuels-Mead, LLC ("E3BFM") and E3 BioFuels-Mead Holding, LLC ("E3BFMH") (collectively, "Debtor" or "Seller") for Order Approving Global Compromise, Integrated Sale of Debtor's Assets, and Assumption and Assignment of Certain Leases and Contracts (the "Motion"), the Court having reviewed the Motion and the Objections filed by Katzen International, Inc. ("Katzen") [Docket No. 637], Dilling Mechanical Contractors, Inc. ("Dilling") [Docket No. 640), Bodwell Construction, Inc. ("Bodwell") [Docket No. 636], Biothane Corporation ("Biothane") [Docket No. 639], and Prime Bioshield, PBS Patent Holding, LLC, David Hallberg, John Cox and Patrick Tracy (collectively, "PBS") [Docket No. 638], and all other papers filed with the Court relating thereto and having

1

heard the statements of counsel with respect to the Motion, the Objections and responses thereto at the hearings on January 20, 2010 and February 1, 2010 (the "Sale Hearing"), the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334; this matter is a core proceeding under 28 U.S.C. 157(b); notice of the relief sought in the Motion and of the Sale Hearing was sufficient under the circumstances; and the Court being fully advised in the premises,

THE COURT HEREBY FINDS that:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. Proc. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. Proc. 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed thereto in the Asset Sale and Purchase Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit A.

D. Notice of the Motion and the Sale Hearing has been given in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code, Fed. R. Bankr. Proc. 2002, 6004, 6006, 9006, 9007, 9008 and 9019, the local rules of this Court and the Agreement. The foregoing notice constitutes good and sufficient notice of the Motion and the Sale Hearing, and no other or further notice of the Motion, the Sale Hearing or the entry of this Order need by given.

E. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities, including, but

not limited to, (a) all parties who claim interests or liens upon the Transferred Assets, (b) all parties to the Assumed Contracts to be assumed and assigned to Buyer, (c) Seller's creditors, and (d) any interested party to object and be heard regarding the Motion.

F. Seller has entered into the Agreement with AltEn, LLC ("Buyer") for the sale and purchase of substantially all of the Seller's assets, as defined in the Agreement (the ("Transferred Assets").

G. As a condition precedent to Buyer's obligation to consummate the transactions contemplated by the Agreement, Seller and the Debtor Trustee have entered into a Global Settlement Agreement (the "GSA") with certain other parties identified therein. A copy of the GSA is attached hereto as Exhibit B.

H. The Agreement, GSA and transactions contemplated thereby, including certain Stipulations and Agreed Orders attached as exhibits to the GSA, constitute a settlement and compromise of disputed claims and causes of action of the Debtor, its estate, and the Debtor Trustee against Dennis Langley, Earth, Energy & Environment, LLC, Mead Cattle Company, LLC, and certain other non-Debtor affiliates as more fully described in the GSA (the "E3 Non-Debtor Parties"), disputed claims and causes of action of the E3 Non-Debtor Parties against the Debtor, and disputed claims and causes of the Bond Trustee and Bondholders (as defined in the Agreement) against the Debtor and E3 Non-Debtor Parties. The mutual releases contained in, and the Stipulations and Agreed Orders incorporated by reference into the GSA, are in turn conditioned upon Closing of the transactions contemplated by the Agreement.

I. The consideration to be realized by Seller's estate pursuant to the Agreement is fair and reasonable, and is sufficient value for the Transferred Assets. A sale of the Transferred Assets other than one free and clear of liens, claims, and encumbrances except

3
Case 07-22733    Doc# 753    Filed 11/17/10    Page 3 of 17

for Permitted Encumbrances would impact materially and adversely on Seller's bankruptcy estate, will yield substantially less value for the Seller's estate, with less certainty than the available alternatives and thus the alternative would be of substantially less benefit to the estate of the Seller. In reaching this determination, the Court has taken into account the consideration to be realized directly by the Seller. Therefore, the compromise and sale contemplated by the Agreement and GSA is in the best interests of the Seller and its estate, creditors and other parties in interest.

J. Exigent circumstances and sound business reasons exist for Seller's sale of the Transferred Assets to Buyer pursuant to the Agreement. Entry into the Agreement and consummation of the transactions contemplated thereby constitute the exercise by the Seller of sound business judgment and such acts are in the best interests of the Seller, its estate and creditors.

K. The Agreement, and the transactions contemplated thereunder were negotiated and have been and are undertaken by Seller and Buyer at arm's length, without collusion and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result of the foregoing, Seller and Buyer are entitled to the protections of section 363(m) of the Bankruptcy Code with respect to all aspects of the Agreement. Neither the Seller nor the Buyer have engaged in any conduct that would cause or permit the Agreement or the Sale to be avoided under Section 363(n) of the Bankruptcy Code.

L. The compromise incorporated in the GSA and Agreement is fair and equitable, in the best interest of creditors and the bankruptcy estate, and is an appropriate exercise of the Debtor Trustee's business judgment, after due consideration of alternative courses of action. The recitals and stipulations contained in the GSA are expressly incorporated as

finding of fact and conclusions of law in this Order. The compromise allows the Seller's estate to realize substantial value for its claims against the E3 Non-Debtor Parties, minimizes liabilities associated with claims by the E3 Non-Debtor Parties and Bondholders and Bond Trustee against the Seller, avoids the risks and costs associated with litigation and the risks inherent in collection. Furthermore, the Official Committee of Unsecured Creditors ("Committee") supports the compromise reflected in the Agreement and GSA

M. In the absence of a stay pending appeal, Seller will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Agreement at any time on or after the entry of this Order and cause has been shown as to why this Order should not be subject to the stay provided in Fed. R. Bankr. Proc. 6004(g) and 6006(d).

N. The sale of the Transferred Assets outside of a plan of reorganization pursuant to the Agreement neither impermissibly restructures the rights of the Seller's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Seller.

O. The Court incorporates by reference as if fully set forth herein the findings of fact and conclusions of law set forth on the record at the Hearing.

For all of the foregoing reasons and after due deliberation, the Court ORDERS, ADJUDGES, AND DECREES THAT:

1. The Motion, the Agreement, GSA and the transactions contemplated thereby are hereby approved.

2. The objection of KATZEN has been resolved as follows: the Trustee is hereby authorized to assume and assign to AltEn two contracts between E3 and KATZEN, identified as a License Agreement dated, in revised form, April 22, 2005 and a Consulting

Services Agreement dated, in revised form, April 22, 2005, as modified by agreement of the parties and attached hereto as Exhibits C and D (the "KATZEN Agreements"). Notwithstanding anything in the Agreement to the contrary, cure payments associated with the KATZEN Agreements shall be paid by the Buyer in accordance with the KATZEN Agreements. Said assumption and assignment shall be effective upon Closing.

3. The objection of Bodwell has been resolved as follows: Bodwell withdraws its objection to the Motion and the Trustee shall dismiss with prejudice its claims against Bodwell in Adv. Case No. 09-06134, effective upon Closing.

4. Dilling's objection is withdrawn. The transfer of the Debtor's claims against Dilling, if any, pursuant to the Agreement, shall not prejudice Dilling's right to assert any defense to such claims, and shall not prejudice Dilling's right to assert any claims Dilling may have against the Debtor, but only defensively as a setoff to any liability Dilling may have to the Debtor and not as an affirmative claim for relief. The Buyer, its successors and assigns, likewise reserve the right to assert any objections or defenses the Debtor may have to any claims or defenses asserted by Dilling.

5. Biothane's objection is resolved as follows: the Buyer and Biothane shall execute and be bound by the agreement attached hereto as Exhibit E, which agreement shall be and hereby is approved in all respects.

6. The Objection of PBS is resolved as follows: the Buyer, the Debtor Trustee, PBS, and all other parties, if any, identified in the agreement attached hereto as Exhibit F *are each authorized to and* shall execute and be bound by said agreement, which agreement shall be and hereby is approved in all respects. The Debtor Trustee shall also dismiss with prejudice its claims against David Hallberg, Patrick Tracy and John Cox in Adv. Case No. 09-6163, effective upon Closing.

7. All other objections to the Motion or the relief requested therein and any objections otherwise raised at the Sale Hearing, that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are overruled on the merits.

8. The settlement and compromise incorporated in the Agreement and GSA is approved pursuant to Bankruptcy Rule 9019.

9. Pursuant to section 363(b) of the Bankruptcy Code, Seller is authorized and directed to sell the Transferred Assets to Buyer upon the terms and subject to the conditions set forth in the Agreement.

10. Pursuant to section 365 of the Bankruptcy Code, Seller is hereby authorized and directed to assign to Buyer the Assumed Contracts. Except as provided in paragraph 2 of this Order, Seller shall cure all defaults in any Assumed Contracts prior to or at the Closing subject to the terms of the Agreement and this Order. Buyer has provided adequate assurance of future performance of the Assumed Contracts within the meaning of section 365 of the Bankruptcy Code. Buyer shall have no liability for any amounts due under the Assumed Contracts that were due or incurred prior to the Closing (other than obligations under the Bond Documents) and the parties to such Assumed Contracts are hereby enjoined from otherwise asserting any claims against Buyer for any amounts alleged to be due or incurred under any of the Assumed Contracts prior to the Closing. Pursuant to section § 365(k) of the Bankruptcy Code, upon payment of the cure amounts due under any Assumed Contracts and the assignment of the Assumed Contracts to Buyer, Seller is relieved of any further obligations under the Assumed Contracts (except to the extent such obligations or liabilities are preserved under the GSA and/or the Stipulations and Agreed Orders incorporated by reference in the GSA). The list of Assumed Contracts that is exhibit 2.2 to the Agreement shall be and hereby is amended to also

include that certain *Corrected Nutrient Disposal Agreement and Use and Access Easement dated as of May 15, 2008 between Rainer Resources Holdings 1, LLC, and E3 Biofuels – Mead, LLC*, the cure amount for which is $0

11. Seller is hereby authorized and directed to take all actions and execute all documents and instruments that Seller or Buyer deem necessary or appropriate to implement and effectuate the transactions contemplated by the Agreement and the GSA, subject to review and consent by the Bond Trustee. Except for Permitted Encumbrances specified in the Agreement or as provided in this Order, the sale of the Transferred Assets to Buyer shall be free and clear of liens and all other claims whatsoever existing as of the Closing Date pursuant to section 363(f) of the Bankruptcy Code, whether known or unknown, including, but not limited to, liens and claims of any of the Seller's creditors, vendors, suppliers, employees, lessors, contractors, taxing authorities and other lienholders, and Buyer shall not be liable in any way (as a successor to the Seller or otherwise) for any claims that any of the foregoing or any other third party may have against the Seller or the Transferred Assets. Without limiting the foregoing, the Transferred Assets shall continue to be subject to the liens held by the Bond Trustee and the Buyer shall be liable for all obligations under the Bond Documents.

12. For the sake of clarity, real estate taxes on the Transferred Assets shall be pro rated from the date of Closing and Buyer shall not be responsible for any real estate taxes arising prior to Closing except as provided in that certain Order on Stipulation Regarding Real Estate Taxes entered by the Bankruptcy Court. For the sake of further clarity, the personal property taxes on the Transferred Assets shall be pro rated from the date of Closing and Buyer shall not be responsible for any personal property taxes arising prior to Closing except as provided in that certain Stipulation and Order Regarding Personal Property Taxes.

Case 07-22733    Doc# 753    Filed 11/17/10    Page 8 of 17

13. Except as expressly provided in the Agreement or as otherwise set forth in this Order, any and all alleged liens and claims on such Transferred Assets shall be transferred, affixed, and attached to the proceeds of such sale, with the same validity, priority, force, and effect as such liens had been upon the Transferred Assets immediately prior to the Closing. Without limiting the foregoing, the Transferred Assets shall continue to be subject to the liens held by the Bond Trustee.

14. Section 3.1(iv) of the Agreement is hereby amended to reflect that instead of payment of cash in the amount of $150,000, Buyer shall pay cash in the amount of $175,000 (the "Cash Proceeds"). The Cash Proceeds shall be paid to the Bond Trustee for amounts owed for unpaid Post Petition Advances to the Debtor pursuant to the Final DIP Order dated April 20, 2009, as amended, who shall remit the Cash Proceeds to Brown & Ruprecht, P.C., counsel for the Committee ("Committee Counsel"), to be distributed pro rata only to those creditors of the Debtor holding allowed general unsecured claims. Committee Counsel shall be authorized to use up to $5,000 of the Cash Proceeds to prepare and file a motion authorizing distribution of the Cash Proceeds and to take such other actions appropriate and necessary to distribute the Cash Proceeds. The Bond Trustee shall assert no lien, claim or interest in the Cash Proceeds.

15. Section 2.4 of the Agreement is hereby amended to add a new subsection (c) as follows:

> (c) Notwithstanding the foregoing, Buyer shall not be liable for taxes due and payable on the Real Estate or personal property transferred to Buyer under this Agreement, arising or accruing prior to the Closing Date, except as provided in that certain Order on Stipulation Regarding Real Estate Taxes and that certain Stipulated Order Regarding Personal Property Taxes, entered by the Bankruptcy Court.

16. Section 8 of the Agreement shall be amended to add a new Section 8.13 as follows:

8.13 Taxes. A Stipulated Order Regarding Real Estate Taxes and a Stipulated Order Regarding Personal Property Taxes, in a form substantially similar to that set forth in Exhibit 8.13 hereto, shall have been approved and authorized by the Bankruptcy Court by a final, non-appealable order which shall not be stayed.

17. The definition of Closing Date in the Agreement is hereby amended to replace February 12, 2010 with November 23, 2010. Section 10.03 of the Agreement shall be amended to replace the dates of February 2, 2010 and February 12, 2010 with the dates November ~~18~~ 19, 2010 and November 23, 2010, respectively.

18. The Agreement is hereby amended to reflect that the Assigned Claims identified on Schedule 2.1(c) of the Agreement (except the Avoidance Actions) shall be transferred and assigned by the Debtor to E3 BioFuels, LLC. The Avoidance Actions shall be transferred and assigned to Buyer.

19. Section 4.1 of the Global Settlement Agreement is hereby amended to (i) delete the following sentence: "Within 10 days after Closing and after entry of the Sale Order, the Debtor Trustee shall submit the stipulations and obligations contained in Exhibits 4.1(a) and 4.1(b) to the Bankruptcy Court for entry"; and (ii) replace it with the following sentence: "The Debtor Trustee shall submit the stipulations in the forms that are Exhibits 4.1(a) and 4.1(b) of this GSA contemporaneously with this Sale Order." Those stipulations, copies of which are Exhibit F, shall be and hereby are approved and shall be entered as orders of this Court.

20. Section 2.1 of the Global Settlement Agreement hereby amended and restated to provide in its entirety as follows:

> Effective as of the Closing and after entry of the Sale Order, the Bond Trustee on behalf of itself and the Bondholders, Debtor Trustee and Debtors release the E3 Non-Debtor Parties from any and all liabilities, actions, rights of action, Avoidance Actions, contracts, indebtedness, obligations, claims, causes of action, suits, damages, demands, costs, expenses and attorneys' fees whatsoever, of every kind and nature, known or unknown, disclosed or undisclosed, accrued or unaccrued, existing at any time, that they have or may have against any of the E3 Non-Debtor Parties, including but not limited to claims

asserted or which could have been asserted in the Guaranty Action, the Arbitration Proceeding and the E3 Avoidance Action.

In addition, the following definition from the Global Settlement Agreement is restated to provide as follows:

**E3 Non-Debtor Parties**" shall include Langley, E3, E3BF, E3 MarCo, E3 OpCo, E3PBS, MCC, E3Patent, Patent Holdco, Quivira, GEA, LG, and MRG. In addition, the E3 Non-Debtor Parties shall include any Entity in which E3 or Langley has a direct or indirect pecuniary or equitable interest of equal to or more than fifty percent (50%) [except the Debtors (E3BFM and E3BFMH)], as well as any and all of the E3 Non-Debtor Parties' respective former or present directors, officers, employees and attorneys, and their respective Affiliates, including but not limited to Lynette Shaw, Andrew Whipple, Tino Monaldo, Nage Damas and Cam-T Enterprises, Inc. dba Construction Concepts, David Hallberg, Patrick Tracy and John Cox.

21. Subject to the payment by Buyer to Seller of the consideration provided for in the Agreement, and except as expressly provided in the Agreement, effective as of the Closing, (a) the sale of the Transferred Assets by Seller to Buyer shall constitute a legal, valid and effective transfer of the Transferred Assets and shall vest Buyer with all right, title, and interest of Seller in and to the Transferred Assets, free and clear of all liens, claims and encumbrances, including, but not limited to, the liens, claims and encumbrances of any of the Seller's creditors, vendors, suppliers, employees or lessors pursuant to section 363(f) of the Bankruptcy Code except as otherwise provided in the Agreement and this Order, and (b) the assumption of the Assumed Liabilities by Buyer shall constitute legal, valid, and effective delegation of the Assumed Liabilities to Buyer and shall divest Seller of all liability with respect to the Assumed Liabilities, subject to cure payments.

22. The sale of the Transferred Assets to Buyer under the Agreement will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law. The transfer of the Transferred Assets by Seller to Buyer is a legal, valid and effective transfer of the Transferred Assets notwithstanding any requirement for approval or consent of any person. All entities presently or on the Closing Date in possession of

some or all of the Transferred Assets are directed to surrender possession of the Transferred Assets to Buyer on such Closing Date or at such time thereafter as Buyer may request.

23. Buyer is hereby granted and is entitled to the protections provided to a good-faith purchaser under section 363(m) of the Bankruptcy Code, including with respect to any transfer of an unexpired lease of non-residential real property and any executory contract to be assumed and assigned as part of the sale of the Transferred Assets pursuant to section 365 of the Bankruptcy Code.

24. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, all Persons are enjoined from taking any action against Buyer or the Transferred Assets to recover any claim which such Person had against Seller or the Transferred Assets, other than claims constituting Assumed Liabilities which claims may be pursued against Buyer or the Transferred Assets subject to the terms of the applicable documents, as they may be amended, For the avoidance of doubt, Assumed Liabilities include the obligations owed to the Bond Trustee.

25. The Debtor's estate has and will benefit from the assumption of the Assumed Liabilities and payment of the Purchase Price by the Buyer as consideration for the Transferred Assets, including the Avoidance Actions not resolved pursuant to the GSA. To the extent the Buyer elects, in its sole discretion, to pursue the Avoidance Actions, it shall be deemed to be acting as a representative of the Debtor's estate.

26. Seller is authorized to assign and transfer to Buyer all of Seller's right, title and interest (including common law rights) in and to all of Seller's intangible property to be assigned and transferred to Buyer under and pursuant to the Agreement.

27. Buyer has not assumed or otherwise become obligated, as a successor or otherwise, for any of the Seller's liabilities, debts or obligations, other than as set forth in section

12

Case 07-22733    Doc# 753    Filed 11/17/10    Page 12 of 17

2.4(a) of the Agreement. Consequently, all holders of liabilities that are not Assumed Liabilities, including holders of any liabilities, debts or obligations of the types set forth in section 2.4(b) ("Unassumed Liabilities") are hereby enjoined from asserting or prosecuting any claim or cause of action against Buyer or the Transferred Assets to recover on account of any Unassumed Liabilities. All persons and entities holding liens or claims of any kind and nature with respect to the Transferred Assets relating to liabilities that are not Assumed Liabilities are hereby barred from asserting or prosecuting any such lien or claim against Buyer, its successors or assigns, or the Transferred Assets for any liability, other than the Assumed Liabilities.

28. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, all Persons are enjoined from taking any action against Buyer or the Transferred Assets to recover any claim which such Person had against Seller or the Transferred Assets, other than claims constituting Assumed Liabilities which Assumed Liabilities include the obligations owed to the Bond Trustee.

29. Pursuant to Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

30. This Court shall retain exclusive jurisdiction through the earlier of dismissal or closing of this case to interpret and enforce the provisions of the Agreement, the GSA and this Order in all respects and further to hear and determine all matters arising from the construction or implementation of this Order or the Agreement or GSA and any and all disputes between Seller and/or Buyer, as the case may be, and any party other than Seller that is party to, among other things, any Assumed Contracts concerning, inter alia, Seller's assumption and assignment thereof to Buyer under the Agreement; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with

respect to the Agreement, GSA or this Order, such abstention, refusal or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

31. The provisions of this Order are nonseverable and mutually dependent. Nothing contained in any plan of reorganization confirmed in this case or in any order confirming such plan shall conflict with the provisions of the Agreement or this Order.

32. This Order shall inure to the benefit of Buyer, Debtor, and their respective successors and assigns, including but not limited to any successor chapter 11 or chapter 7 trustee that may be appointed in the Seller's case and shall be binding upon any trustee, party, entity or other fiduciary that may be appointed in connection with these cases or any other or further cases involving the Seller, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

33. Each and every federal, state, and local governmental agency, department or entity is hereby directed to accept the filing of any and all documents and instruments necessary and appropriate to implement, effectuate or consummate the transactions contemplated by the Agreement and this Order.

34. Seller is hereby authorized and directed to execute and deliver any and all instruments as may be required to effectuate the terms of the Agreement, GSA and this Order. Seller and each other person having duties or responsibilities under the Agreement, GSA, any agreements related thereto or this Order, and their respective directors, officers, general partners, agents, representatives, and attorneys, are authorized and empowered – subject to the terms and conditions contained in the Agreement and the schedules annexed thereto – to carry out all of the provisions of the Agreement, GSA and any related agreements; to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Agreement, GSA

and any related agreements; to take any and all actions contemplated by the Agreement, GSA, any related agreements or this Order; and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate and consummate, the Agreement, GSA, any related agreements and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court or further action by their respective directors, stockholders, or partners, and with like effect as if such actions had been taken by unanimous action of the respective directors, stockholders, and partners of such entities. Seller shall be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding, and enforceable). Seller is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Agreement, GSA, any related agreements and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Seller may determine are necessary or appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act. Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by the corporation laws of the State of Kansas and all

other applicable business corporation, trust, and other laws of the applicable governmental units with respect to the implementation and consummation of the Agreement, GSA, any related agreements and this Order, and the transactions contemplated thereby and hereby.

35. Pursuant to Fed. R. Bankr. Proc. 6004(g) and 6006(d), this Order shall not be stayed, and in the absence of any entity obtaining a stay pending appeal, Seller and Buyer are free to close under the Agreement at any time. In the absence of any entity obtaining a stay pending appeal, if Seller and Buyer close under the Agreement, Buyer shall be entitled to the protection of section 363(m) of the Bankruptcy Code as to all aspects of the transaction pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

36. The Agreement, GSA and any related agreements may be modified, amended or supplemented by agreement of Seller and Buyer, with the consent of the Bond Trustee without further action of the Court; provided that any such modification, amendment or supplement is not material and substantially conforms to and effectuates the Agreement.

37. The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the efficacy of such provisions, including the provisions governing the conditions to Closing under the Agreement, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

38. All entities who on the Closing Date may be in possession of some or all of the Transferred Assets are hereby directed to surrender possession of said Transferred Assets to Buyer on the Closing Date.

39. All exhibits referred to in this Order have been filed on The Court's docket as support documents.

ORDER SUBMITTED BY:

LENTZ CLARK DEINES PA

s/ Jeffrey A. Deines
Carl R. Clark, KS #11411
Jeffrey A. Deines, KS # 20249
9260 Glenwood
Overland Park, KS 66212
(913) 648-0600
(913) 648-0664 Fax
cclark@lcdlaw.com
jdeines@lcdlaw.com
Special Counsel for Chapter 11 Trustee


And With Consent of the Following Parties
(contact and appearance information is previously part of the record):

s/ Ian Hammel
Daniel Bleek

and

s/ Cassandra Writz

and

s/ Frank Wendt

and

s/ Tim O'Neill
Harding & Shultz, P.C., L.L.O.
800 Lincoln Square
121 South 13th Street
Lincoln, NE 68508
Phone: (402) 434-3000
Fax: (402) 434-3030
Attorney for PBS